UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SGT. PAULETTE NORWOOD, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 18-cv-7270 |
| | ) | |
| v. | ) | Judge Sharon Johnson Coleman |
| | ) | |
| THE CITY OF CHICAGO, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

In plaintiff Sergeant Paulette Norwood's first amended complaint, she brings race discrimination and retaliation claims under Title VII, 42 U.S.C. § 1981, and § 1983 against defendant City of Chicago in Counts I through III, as well as a claim entitled "retaliation and whistleblower protection in violation of the Chicago Ethics Ordinance" in Count IV. The City moves to dismiss Count IV under Federal Rule of Civil Procedure 12(b)(6) arguing that this ordinance does not create a private cause of action. The Court agrees and grants the City's motion to dismiss Count IV with prejudice.

**Background**

Norwood is a 51-year-old African-American woman, who has worked for the City of Chicago as a sworn police officer since December 1991. In her first amended complaint, she alleges that in January 2018 she was removed from her supervisory position in the Major Accident Investigative Unit in retaliation for having filed an internal complaint against her supervisor, Lieutenant Allison Schloss. Norwood further asserts that she was retaliated against in violation of the whistleblower protection provisions of the Chicago Ethics Ordinance for having reported Schloss' unlawful activities. After Norwood filed the internal complaint against Schloss, Norwood

was demoted to a patrol position, deprived of overtime compensation, and was the subject of an investigative complaint filed by Schloss.

**Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *Skinner v. Switzer*, 562 U.S. 521, 529, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011). When considering dismissal of a complaint, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam). To survive a motion to dismiss, plaintiff must "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

**Discussion**

Norwood asserts that the Governmental Ethics Ordinance expressly creates a private right of action for employees to sue the City for whistleblower retaliation. On the other hand, the City contends that the plain language of the ordinance does not expressly state that employees may sue the City for whistleblower retaliation, but instead, any such complaints are under the purview of the City's board of ethics. In support of her argument, Norwood relies on the whistleblower protection section of the ordinance, Section 2-156-019, which states in relevant part:

> (b) No person shall take any retaliatory action against an employee or any other person because the employee or the person does any of the following:
>
> (1) Discloses or threatens to disclose to a supervisor or to a public body an activity, policy, or practice of any official, employee, or city contractor that the employee or other person reasonably believes evidences: (i) an unlawful use of city funds or city funding for actions performed by or on behalf of the city, unlawful use of official authority, or other unlawful official conduct that poses a substantial and specific danger to public health or safety by any official, employee or city contractor; or (ii) any other violation of a law, rule, or regulation by any official, employee, or city contractor that relates to their work performed for, or on behalf of, the city; or

2

> (2) Provides information to or testifies before any public body conducting an investigation, hearing, or inquiry into any official activity, policy, or practice described in subsection (b)(1).
>
> (c) If any retaliatory action, as defined in subsection (a)(2)(i), is taken against an employee in violation of this section, the employee shall be entitled to the following relief, if applicable:
>
> (1) reinstatement of the employee to either the same position held before the retaliatory action or to an equivalent position;
>
> (2) two times the amount of back pay; and
>
> (3) reinstatement of full fringe benefits and seniority rights.

Looking at the whistleblower protection section as a whole, unlike other parts of Section 2-156-019 that specifically allow for non-employees to bring "an action against the city for relief," the whistleblower section governing employees does not expressly state an employee can bring an action against the City. And, as the City points out, Section 2-156-380 of the ordinance, concerning the powers and duties of the board of ethics, provides for the board to receive, investigate, and resolve complaints under the ordinance's provisions. Because there is no express language conferring a private cause of action under the City's Governmental Ethics Ordinance for an employee to sue the City, the Court turns to whether there is an implied right of action.

In determining whether Chicago's Governmental Ethics Ordinance whistleblower provisions provide an implied right of action, the Court examines Illinois law, where courts imply a cause of action when: (1) the plaintiff is a member of the class for whose benefit the ordinance was enacted; (2) the plaintiff's injury is one the ordinance was designed to prevent; (3) a private right of action is consistent with the underlying purpose of the ordinance; and (4) implying a private right of action is necessary to provide an adequate remedy for violations of the ordinance. *Alarm Detection Sys., Inc. v. Orland Fire Prot. Dist.,* 929 F.3d 865, 870 (7th Cir. 2019); *McCarthy v. Kunicki,* 823 N.E.2d 1088, 1097, 291 Ill.Dec. 502, 511, 355 Ill.App.3d 957, 967 (1st Dist. 2005). All four of these factors must be met before the Court will imply a private cause of action. *Marque Medicos Fullerton, LLC v.*

3

*Zurich Am. Ins. Co.*, 83 N.E.3d 1027, 1042, 416 Ill.Dec. 190, 205, 2017 IL App (1st) 160756, ¶ 57 (1st Dist. 2017). Also, Illinois courts "use caution in implying a private right of action, because, in doing so, it is assuming the policy-making authority more appropriately exercised by the legislature." *Helping Others Maintain Env't Standards v. Bos*, 941 N.E.2d 347, 363, 346 Ill.Dec. 789, 805, 406 Ill.App.3d 669, 684 (2d Dist. 2010).

      The Court turns to the fourth factor and concludes that implying a private cause of action for employees to sue the City is not necessary to provide an adequate remedy for violations of the whistleblower section of the ordinance. To clarify, remedies for violation of the ordinance available to an employee of the City include: (1) reinstatement of the employee to either the same position held before the retaliatory action or to an equivalent position; (2) two times the amount of back pay; and (3) reinstatement of full fringe benefits and seniority rights. These remedies serve the purposes of the whistleblower section, namely, protecting employees from fear of retaliation by giving them job security, thus encouraging employees to speak out. Meanwhile, Norwood does not explain why these remedies are inadequate. *See, e.g., Pilotto v. Urban Outfitters West, L.L.C.,* 72 N.E.3d 772, 785, 411 Ill.Dec. 84, 97, 2017 IL App (1st) 160844, ¶ 37 (1st Dist. 2017).

      Instead, Norwood insists that the legislative history of the whistleblower protection provisions supports a private right of action for employees. Norwood cites the "Report of the Chicago Ethics Task Force, Part I" dated April 30, 2012 in support of her argument. This report, however, does not mention a private cause of action, but instead, speaks to the board of ethics' role in investigating and resolving complaints brought pursuant to the ordinance. Similarly, Part II of the report, dated August 27, 2012, further recommends that the board of ethics make public its final findings of the ethics ordinance's violations – making no mention of a private right of action. Norwood's reliance on Chicago's False Claims Act is also misplaced. To explain, although Part I of the Ethics Task Force report relied upon Chicago's False Claim Act as an example of a municipal

code with whistleblower protections, Chicago's False Claims Act allows for qui tam actions on behalf of the City. It does not confer a private right of action so that employees can sue the City. Thus, any such "legislative history" does not lend guidance to the Court's analysis as Norwood suggests.

**Conclusion**

For the foregoing reasons, the Court grants the City's motion to dismiss Count IV with prejudice [53].

IT IS SO ORDERED.

Date: 8/27/2020

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge