UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SGT. PAULETTE NORWOOD, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 18-cv-7270 |
| | ) | |
| v. | ) | Judge Sharon Johnson Coleman |
| | ) | |
| THE CITY OF CHICAGO, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

In plaintiff Sergeant Paulette Norwood's first amended complaint, she alleged race discrimination and retaliation claims under Title VII, 42 U.S.C. § 1981, and § 1983 against defendant City of Chicago, as well as a claim entitled "retaliation and whistleblower protection in violation of the Chicago Ethics Ordinance" in Count IV. The Court dismissed Count IV with prejudice on August 27, 2020, and presumes familiarity with that ruling. Before the Court is Norwood's motion for partial summary judgment under Federal Rule of Civil Procedure 56(a) as to her Title VII retaliation claim in Count I. *See* 42 U.S.C. § 2000e-3(a). Because genuine disputes of material fact exist in relation to her Title VII retaliation claim, the Court denies Norwood's motion.

**Background**

Norwood is a 51-year-old African-American woman, who worked for the Chicago Police Department ("CPD") as a sworn police officer from December 1991 until June 2019, when she retired. In March 2016, Norwood was assigned to the Major Accident Investigative Unit ("MAIU"), which was part of the Traffic Unit. During the relevant time period, Lieutenant Allison Schloss was Norwood's supervisor and Commander Warren Richards supervised both Schloss and Norwood.

In December 2017, two traffic specialists that were Norwood's subordinates approached Norwood to arrange a meeting with Richards regarding Schloss. At that January 2018 meeting with

Richards, the traffic specialists complained that Schloss had created a sexually hostile work environment as a result of her sexually charged relationship with Officer Michael Deneen.

Pursuant to the Chicago Police Department's internal EEO process, Norwood was required to initiate an investigation into the complaint because she was the traffic specialists' direct supervisor. Shortly after the January 2018 meeting, Norwood prepared Complaint Register number 1088124 (CR 24) against Schloss which listed fourteen MAIU employees as victims/witnesses. Four days later, Schloss initiated CR 1088137 (CR 37) against Norwood for acting as a conduit on behalf of her former boyfriend, Police Superintendent Eddie Johnson. Specifically, Schloss alleged that CR 24 was in retaliation for her receiving her EEOC right-to-sue letter on December 12, 2017 for her sexual harassment and discrimination claims that she later filed in federal court.

On January 19, 2018, Richards and the Chief of Detectives who oversaw MAIU, Melissa Staples, met with a representative of CPD's legal department. At that time, Staples determined that both Schloss and Norwood should be temporarily detailed to a patrol district pending the resolution of the investigations into their complaints. After CPD's legal department determined there was no patrol position where Schloss would not lose material benefits of her current position, Waller rescinded Schloss' temporary detail. On the other hand, Waller temporarily detailed Norwood to a patrol district where she maintained the same salary and benefits.

When Waller approved Norwood for detail to the Traffic Unit in April 2018, Schloss contacted CPD's legal department complaining that she was being retaliated against because Norwood was being moved to the same area as Schloss' office. Waller then rescinded Norwood's detail to the Traffic Unit to avoid a conflict between Norwood and Schloss. Superintendent Johnson testified that this decision was made in the best interests of the CPD. During this time, Waller offered Norwood other options within patrol, which she declined.

Starting in June 2018, Norwood took voluntary medical leave for a year and retired in June 2019 when her medical leave ran out.

**Legal Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L.Ed. 2d 202 (1986). When determining whether a genuine issue of material fact exists, the Court views the evidence and draws all reasonable inferences in favor of the nonmoving party. *Id.* at 255; *Hackett v. City of South Bend*, 956 F.3d 504, 507 (7th Cir. 2020). After "a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson*, 477 U.S. at 255 (quotation omitted).

**Discussion**

To establish her Title VII retaliation claim, Norwood must show that: (1) she engaged in a statutorily protected activity; (2) the City took a materially adverse action against her; and (3) there is but-for causal connection between the two. *Robertson v. Dep't of Health Servs.*, 949 F.3d 371, 378 (7th Cir. 2020). If Norwood establishes these prima facie elements of retaliation, the burden shifts to the City to produce evidence that it had a legitimate, non-discriminatory reason for taking the adverse action. *Id.*; *Rozumalski v. W.F. Baird & Assoc. Ltd.*, 937 F.3d 919, 927 (7th Cir. 2019). If the City makes this showing, Norwood must set forth evidence establishing that the City's reason is pretext for discrimination. *Robertson*, 949 F.3d at 378.

Assuming Norwood has made a prima facie case of retaliation, the Court turns to the City's reasons for assigning temporary detail to Norwood. Construing the facts and all reasonable

inferences in the City's favor, the City has submitted evidence raising a triable issue of fact that its decision to temporarily detail Norwood was a legitimate business decision. Specifically, Chief of Detectives Staples decided that both Schloss and Norwood should be temporarily detailed to a patrol district pending the resolution of the investigations. When Chief of Patrol Waller determined that Schloss would lose material benefits if she were reassigned to a patrol position, he rescinded Schloss' temporary detail. Norwood's temporary detail, however, did not implicate any of her material benefits. Later, Waller rescinded Norwood's detail to the Traffic Unit to avoid a conflict between Norwood and Schloss. Also, during this time period, Waller offered Norwood other options within patrol, which she declined.

Under these facts, the City has presented evidence that it was a business decision to separate Norwood from Schloss during the ongoing investigations and pending Schloss' federal lawsuit, and it is well-settled that federal courts do not second guess an employer's legitimate business decisions. *See Robertson*, 949 F.3d at 381. Because the City has set forth these legitimate reasons, the burden shifts to Norwood to establish that the City's explanation is pretext for retaliation.

Pretext is more than faulty reasoning or bad judgment; pretext is a lie or a phony reason. *Barnes v. Board of Trs. of Univ. of Ill.*, 946 F.3d 384, 389 (7th Cir. 2020). To establish pretext, Norwood must identify "weaknesses, implausibilities, inconsistencies, or contradictions" in the City's proffered reasons that a reasonable person would find unworthy of credence. *de Lima Silva v. Department of Corr.,* 917 F.3d 546, 561 (7th Cir. 2019) (citation omitted). In this context, "the question is not whether the employer's stated reason was inaccurate or unfair, but whether the employer honestly believed the reason it has offered to explain the" adverse action. *Robertson*, 949 F.3d at 380 (citations omitted).

Here, Norwood has not presented evidence that the City's reasons for the change in detail were pretext for retaliation. Rather, she offers speculation that Schloss demanded Norwood to be

temporarily reassigned. Evidence in the record, however, indicates that the Chief of Detectives and Chief of Patrol made the business decisions to separate Schloss and Norwood due to their previous conflicts. Further, Norwood does not set forth any evidence that the City's decision – based on the advice of the CPD's legal department – to rescind Schloss reassignment due to her losing benefits was a lie. Norwood brought this motion and ultimately has the burden of establishing pretext at trial. Because she has not set forth evidence rebutting the City's evidence that raises a triable issue of fact, the Court denies her motion.

**Conclusion**

For the foregoing reasons, the Court denies plaintiff's Rule 56(a) partial motion for summary judgment. [59].

IT IS SO ORDERED.

Date: 10/6/2020

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge