UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SGT. PAULETTE NORWOOD, | ) | |
| Plaintiff, | ) | Case No. 18-cv-7270 |
| v. | ) | Judge Sharon Johnson Coleman |
| THE CITY OF CHICAGO, | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Sergeant Paulette Norwood filed an Amended Complaint asserting race discrimination and retaliation claims under Title VII, 42 U.S.C. § 1981, and § 1983 against defendant City of Chicago.[1] The Court denied Norwood's partial motion for summary judgment on her Title VII retaliation claim on October 6, 2020, and presumes familiarity with that ruling. The City now moves for summary judgment pursuant to Federal Rule of Civil Procedure 56(a). For the reasons stated below, the City's motion [72] is granted.[2]

**Background**

Norwood is a 51-year-old African American woman, who worked for the Chicago Police Department ("CPD") as a sworn police officer from December 1991 until June 2019, when she retired. In March 2016, Norwood was assigned to the Major Accident Investigative Unit ("MAIU"), which was part of the Traffic Unit. During the relevant time period, Lieutenant Allison Schloss, a white woman, was Norwood's supervisor. MAIU Commander Warren Richards supervised both Schloss and Norwood.

---

[1] Norwood also brought a claim entitled "retaliation and whistleblower protection in violation of the Chicago Ethics Ordinance" in Count IV, which was dismissed with prejudice by this Court on August 27, 2020.
[2] In Norwood's response to the City's motion for summary judgment, she abandoned Count III for racial discrimination under 42 U.S.C. §§ 1981 and 1983. Therefore, summary judgment as to Count III is also granted in favor of the City without further discussion.

In December 2017, two traffic specialists who were Norwood's subordinates approached Norwood to arrange a meeting with Commander Richards regarding Schloss. At that January 2018 meeting with Commander Richards, the traffic specialists complained that Schloss had created a hostile work environment in MAIU as a result of her own sexually charged relationship with Officer Michael Deneen. Norwood also complained that Schloss undermined her ability to supervise Deneen.

Pursuant to CPD's General Order G08-01-02, Norwood was required to prepare a written report regarding the alleged misconduct because she was the traffic specialists' direct supervisor. On January 12, 2018, Norwood submitted Complaint Register number 1088124 (CR 24) against Schloss which listed fourteen MAIU employees as victims. Four days later, Schloss initiated Complaint Register number 1088137 (CR 37) against Norwood for acting as a conduit on behalf of Norwood's ex-boyfriend, former Police Superintendent Eddie Johnson. Specifically, Schloss alleged that CR 24 was filed in retaliation for Schloss receiving an EEOC right-to-sue letter on December 12, 2017, to pursue her sexual discrimination claims that she later filed in federal court.

On January 19, 2018, Commander Richards and the Chief of Detectives, Melissa Staples, who oversaw MAIU, met with a representative of CPD's legal department. At that time, Chief of Detectives Staples determined that both Schloss and Norwood should be temporarily detailed to a patrol district pending the resolution of the investigations into their complaints. After CPD's legal department determined there was no patrol position where Schloss would not lose material benefits of her current position, Chief of Patrol, Fred Waller, rescinded Schloss' temporary detail and she remained in MAIU. Chief of Patrol Waller did not rescind Norwood's temporary detail because she remained a sergeant and maintained the same base salary and benefits in the new assignment.

When Chief of Patrol Waller approved Norwood for detail to the Traffic Unit in April 2018, Schloss contacted CPD's legal department complaining that she was being retaliated against because

2

Norwood was being moved to the same area as Schloss' office. Chief of Patrol Waller then rescinded Norwood's detail to the Traffic Unit to avoid further conflict between Norwood and Schloss. Superintendent Johnson testified that this decision was made in the best interests of the CPD. The races of Norwood and Schloss were not considered in the City's decision-making process. During this time, Chief of Patrol Waller also offered Norwood other options within patrol, which she declined.

Starting in June 2018, Norwood took voluntary medical leave for a year and retired in June 2019 when her medical leave ran out.

**Legal Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L.Ed. 2d 202 (1986). When determining whether a genuine issue of material fact exists, the Court views the evidence and draws all reasonable inferences in favor of the nonmoving party. *Id.* at 255; *Hackett v. City of South Bend*, 956 F.3d 504, 507 (7th Cir. 2020). After "a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson*, 477 U.S. at 255 (quotation omitted). Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

**Discussion**

1. *Title VII Retaliation Claim*

The City moves for summary judgment on Count I, arguing that Norwood fails to establish a prima facie case for retaliation. The City also argues that it is entitled to summary judgment because Norwood fails to show the City's proffered reasons for its employment decisions were pretext for retaliation. To establish her Title VII retaliation claim, Norwood must show that: (1) she engaged in a statutorily protected activity; (2) the City took a materially adverse action against her; and (3) there is but-for causal connection between the two. *Robertson v. Dep't of Health Servs.*, 949 F.3d 371, 378 (7th Cir. 2020). If Norwood establishes these prima facie elements of retaliation, the burden shifts to the City to produce evidence that, when taken as true, shows it had a legitimate, non-discriminatory reasons for its actions. *Id.*; *Rozumalski v. W.F. Baird & Assoc. Ltd.*, 937 F.3d 919, 927 (7th Cir. 2019). If the City makes this showing, the burden returns to Norwood to prove, by a preponderance of the evidence, that the proffered reasons is pretext for discrimination. *Robertson*, 949 F.3d at 378.

The Court has previously considered this issue in its October 6, 2020 order denying Norwood's partial motion for summary judgment on Count I and rejects Norwood's present arguments for the same reasons. Assuming Norwood made a prima facie case of retaliation, the Court found that the City presented evidence that it was a business decision to separate Norwood from Schloss during the ongoing investigations and pending Schloss' federal lawsuit. *Norwood v. City of Chicago*, No. 18-CV-7270, 2020 WL 5909064, at *2 (N.D. Ill. Oct. 6, 2020). Because the City has articulated legitimate, non discrimatory reasons for its employment actions, the burden shifts to Norwood to articulate that the City's reasons is pretextual. Pretext is more than faulty reasoning or bad judgment; pretext is a lie or a phony reason. *Barnes v. Board of Trs. of Univ. of Ill.*, 946 F.3d 384, 389 (7th Cir. 2020). To show pretext, Norwood must identify "weaknesses, implausibilities, inconsistencies, or contradictions" in the City's proffered reason that a reasonable person would find unworthy of credence. *de Lima Silva v. Department of Corr.*, 917 F.3d 546, 561 (7th Cir. 2019) (citation

4

omitted). In this context, "the question is not whether the employer's stated reason was inaccurate or unfair, but whether the employer honestly believed the reason it has offered to explain the discharge." *Robertson*, 949 F.3d at 380 (citations omitted).

To raise a triable issue of fact, Norwood is required to set forth evidence that the City's proffered reasons were pretext for retaliation. As the Court explained in its October 6, 2020 order, Norwood has not presented any evidence that the City's reasons for its actions were pretextual. She has failed to do so in response to the present motion as well. Therefore, Norwood's Title VII retaliation claim fails, and the Court grants the City's summary judgment motion as to Count I.

2. *Title VII Race Discrimination Claim*

For the reasons explained above, the City is entitled to summary judgment on Norwood's Title VII race discrimination claim because she has failed to demonstrate that the City's proffered reasons were pretext for discrimination. Accordingly, summary judgment on Count II is granted in favor of the City.

**Conclusion**

For the foregoing reasons, the Court grants defendant's motion for summary judgment. [72]. The Case is terminated.

IT IS SO ORDERED.

Date: 5/21/2021

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge